# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-21263-BLOOM/Otazo-Reyes

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

JORGE FERNANDEZ,

    Defendant.

_____/

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** is before the Court upon *pro se* Defendant Jorge Fernandez's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] ("Application"), filed in conjunction with Defendant's Judicial Notice, ECF No. [1] ("Notice"), which the Court construes as a Notice of Removal. The Court has carefully reviewed the Application, the record in this case, the applicable law, and is otherwise fully informed. For the reasons that follow, Defendant's Application is denied.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life.").

The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp*, 798 F.2d at 437 ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court."); *Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Here, Defendant has failed to satisfy the requirement of poverty for purposes of section 1915. The Court has examined the Application and finds that it does not establish Defendant's need for relief from the required filing fee. As an initial matter, Defendant has not signed the Application declaring that he is unable to pay for the costs of the proceedings, that he is entitled to

Case No. 21-cv-14050-BLOOM

the relief requested, and that he is declaring under penalty of perjury that the information in the Application is true. *See* ECF No. [3] at 1. Looking past this defect, the Court notes that Defendant states that he is self-employed and makes an average of "$1,315" in monthly income. *Id.* at 1. As such, Defendant's annualized income of $15,780.00 exceeds the annual poverty guideline of $13,590.00 for a household of one person. *See* Annual Update of the HHS Poverty Guidelines, 81 FR 4036-01. Furthermore, Defendant notes certain expenses and other financial obligations in the Application, such as payments for utilities, home maintenance, food, medical expenses, and dental expenses, thus demonstrating his ability to support and provide necessities for himself. The Court, therefore, determines that Defendant is able to pay the required filing fee.

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Defendant's Application, **ECF No. [3]**, is **DENIED**.

2. Defendant shall pay the $402.00 filing fee by no later than **April 29, 2022**.

3. The failure to pay the filing fee will result in the Court remanding the case to Florida State Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge Fernandez
8620 SW 85th Avenue
Miami, FL 33143
PRO SE